IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK GRAHAM, as Guardian of JOHNATHAN HOLT, an individual. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-22-630-SLP<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY, a foreign for-profit company, | )<br>)<br>) |
| Defendant, | )<br>) |
| COMPSOURCE MUTUAL INS. CO., | )<br>) |
| Intervenor. | ) |

**O R D E R**

Before the Court are two motions to compel filed by Plaintiff Mark Graham, as guardian of Johnathan Holt. First, Plaintiff filed a Motion to Compel Discovery from Defendant National Union Fire Insurance Company ("NUFIC") [Doc. No. 36]. It is at issue. *See* Def.'s Resp [Doc. No. 38]; Pl.'s Reply [Doc. No. 39]. Second, Plaintiff filed a Motion to Compel Thompson, Coe, Cousins & Irons, LLP's Response to Plaintiff's Subpoena [Doc. No. 37], which is also at issue, *see* Def.'s Resp [Doc. No. 41]; Pl.'s Reply [Doc. No. 42].

I. **Background**

This action arises out of an injury that Plaintiff suffered while working on a garbage truck. At the time of the accident, Plaintiff "was a client and resident of the Oklahoma Production Center for the Developmentally Disabled ('OPC'), which provides vocational

opportunities for developmentally disabled adults." Def.'s Resp. [Doc. No. 38] at 2. During a shift in December 2017, Plaintiff was crushed by a dumpster that had not been fully secured. Pet. [Doc. No. 2-2] ¶¶ 13–16. The parties agree Plaintiff's injuries were caused by his co-worker's negligence.[1] *See* Joint Status Report [Doc. No. 13] ¶ 3. At the time of the accident, "OPC was insured under a commercial general liability policy issued by [New Hampshire Insurance Company] and a business automobile policy issued by NUFIC." [Doc. No. 37] at 6–7.[2]

In June 2018, Plaintiff sued OPC in state court for negligence. *See* [Doc. No. 38-3]. Thereafter, "OPC sought defense and indemnity under the NUFIC auto liability policy from [Plaintiff's] suit." [Doc. No. 38] at 2. In September 2018, Thompson Coe attorney Harrison Yoss sent a coverage opinion letter to one of the representatives handling OPC's request. *See* [Doc. No. 37-4]. Mr. Yoss "analyze[d] potential coverage" for OPC under the liability policies in connection with Plaintiff's state-court lawsuit against OPC. *Id.* at 1. He concluded these "Policies do not provide coverage to OPC for the Lawsuit because several exclusions apply to preclude coverage for the claim alleged in the Lawsuit." [Doc. No. 37-4] at 2. Athens sent a letter to OPC advising there was no coverage under either liability policy,[3] *see* [Doc. No. 37-3], and Plaintiff eventually dismissed his state-court lawsuit against OPC without prejudice.

---

[1] The co-worker is not a party to this action.

[2] Citations to the parties' briefing references the CM/ECF pagination.

[3] Athens Insurance Service, Inc. ("Athens") served as the authorized claim handler for both NUFIC and NHIC.

Around three years later, Plaintiff's attorney learned that NUFIC's policy also included an uninsured/underinsured motorist ("UM/UIM") endorsement. *See* [Doc. No. 36] at 3. Plaintiff's counsel then made a request for UM/UIM benefits under the NUFIC policy in October 2021. *See* [Doc. No. 38-5]. A couple weeks later, an AIG representative requested Mr. Yoss's "assist[ance] with a coverage opinion regarding UM coverage under the Auto Policy pertaining to" Plaintiff's December 2017 accident.[4] [Doc. No. 38-6] at 2. *See* [Doc. No. 38-6] at 1. On December 10, 2021, Mr. Yoss issued a second coverage opinion letter, concluding the policy did not provide UM/UIM coverage for Plaintiff's accident. *See* [Doc. No. 38-7].

After receiving the coverage opinion, Athens sent a disclaimer letter to Plaintiff explaining he was not entitled to UM/UIM benefits. Plaintiff then filed the instant action, suing NUFIC for breach of contract and bad faith stemming from the denial of UM/UIM benefits.[5] As is relevant here, Plaintiff alleges NUFIC acted in bad faith by (1) "[f]ailing to timely inform [him] of the UM/UIM coverage within the policy after determining there was no applicable liability coverage for Plaintiff's loss and resulting claim," (2) "[u]nreasonably and improperly denying UM/UIM coverage in light of relevant and applicable law and case precedence," and (3) "[a]sserting exclusions to UM/UIM coverage which are inapplicable and contrary to Oklahoma public policy, law and case precedence." Pet. [Doc. No. 2-2] ¶¶42(b), (d)–(e).

---

[4] The email requesting a coverage opinion explains that Plaintiff's claim for UM/UIM benefits "was escalated to AIG for coverage review." [Doc. No. 38-6] at 1.

[5] Plaintiff filed this action in state court, but NUFIC removed it to this Court. *See* [Doc. No. 2].

3

## II. Legal Standard

Civil litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance "'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The burden to demonstrate relevance rests with the party seeking discovery. *Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-17-1309-D, 2020 WL 7033965, at *2 (W.D. Okla. Nov. 30, 2020). As the Rule expressly provides, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## III. Discussion

Plaintiff has filed two motions to compel—one seeking to compel NUFIC to provide personnel files and the other seeking to compel Thompson Coe to provide documents related to Mr. Yoss's two coverage opinion letters. The Court takes each in turn.

### i. Personnel Files (Request for Production No. 9)

Plaintiff's Request for Production No. 9 seeks "a copy of the personnel file of each adjuster and manager who had any involvement in the investigation, evaluation or decision-

making on any claim submitted by Plaintiff or his representative in connection with the collision underlying this case."[6] [Doc. No. 36-1] at 11. NUFIC objected, arguing the "request is overly broad, not relevant to the circumstances in this case and is not likely to lead to the discovery of evidence admissible at trial, invades the privacy of the individuals whose personnel files are sought . . . , and further contains confidential and/or proprietary information." [Doc. No. 36-2] at 8.

Plaintiff first claims that courts "generally permit[] discovery of relevant personnel files in insurance bad faith cases." [Doc. No. 36] at 7. He then cites over a dozen district court cases without providing any analysis about why the facts of those cases are analogous to those presented here. *See id.* at 7–8. In Reply, however, Plaintiff lists six "individuals [who] were substantially involved in the handling of Plaintiff's claims, including making key decisions regarding coverage." [Doc. No. 39] at 2. Plaintiff also points out that he has made specific allegations about two of these representatives, Pet. [Doc. No. 2-2] ¶¶ 34–35, 37–38, as well as general allegations that NUFIC's representatives "failed to timely inform Plaintiff of . . . the UM coverage within the Policy," and "unreasonably and improperly den[ied] UM/UIM coverage," *id.* ¶ 42. In light of the allegations in the Petition, the Court finds the personnel files of these six individuals are facially relevant to Plaintiff's claims.

In its Response, NUFIC claims the personnel files are not relevant because (1)

---

[6] In reply, Plaintiff clarifies that he seeks the personnel files of "[1] Cyndi Flaig, AIC Sr. Claims Examiner P&C, Athens; [2] David Bohanan, AIG Professional Liability Analyst; [3] Maureen Freeman, Complex Claims Specialist, P&C, Athens; [4] Dara MacDonald, AIG Claims Complex Director and Technical TPA Oversight; [5] Michelle Amato, Supervisor to Dara MacDonald, and [6] Alissa Malone, AIG Claims Counsel." [Doc. No. 39] at 1–2.

5

NUFIC had no legal duty to disclose the existence of the UM/UIM policy to Plaintiff during the 2018 lawsuit, (2) agents denied Plaintiff's UM/UIM claim based on the advice of counsel, and the rationale underpinning counsel's decision "has been fully produced," and (3) the agents who handled the 2018 claim had no role in the 2021 claim. [Doc. No. 38] at 7, 12–14.

First, the parties disagree as to whether NUFIC owed Plaintiff a duty to inform him of UM/UIM coverage in 2018, when it found the liability policies did not provide coverage. This issue presents a question of law that is better suited for a dispositive motion, and the Court declines to deny the Motion on this ground.[7] Second, although NUFIC has raised an advice-of-counsel defense, it cites no authority for the proposition that reliance on this defense negates the relevance of the claim handlers' personnel files. As Plaintiff points out, "NUFIC's duty of good faith and fair dealing owed to [Plaintiff] as a first-party insured is non-delegable." [Doc. No. 39] at 6. Third, it appears that at least one of the agents involved in the 2018 claim also played a role in the 2021 claim. *See* [Doc. No. 39-2] at 1–2 (indicating claims examiner Cyndi Flaig requested a coverage opinion in 2018 and communicated with counsel in 2021). In any event, Plaintiff's allegations of bad faith involve both the 2018 coverage decision (NUFIC's alleged failure to inform Plaintiff of existing UM/UIM coverage) and Plaintiff's 2021 claim (NUFIC's alleged unreasonable denial of UM/UIM coverage).

Finally, NUFIC asks the Court to limit production of the personnel files to the

---

[7] NUFIC did not move to dismiss on this ground, and the parties' deadline to file motions for summary judgment has not yet passed.

6

representatives' "background, qualifications, training, and job performance." [Doc. No. 38] at 14 n.4 (quoting *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV-09-297-D, 2010 WL 300436, at *4 (W.D. Okla. Jan. 20, 2010)). Although Plaintiff argues documentation about the adjusters' "salary, bonuses, raises, compensation, incentives, awards, disciplinary matters, and exit interview material [] are highly relevant to Plaintiff's claims and should be produced," he does not elaborate further. [Doc. No. 39] at 10. Upon review of the Petition and the Motion to Compel, and considering the sensitive nature of personnel files, the Court finds that the claim files should be limited as requested by NUFIC. *Cf. Fullbright*, 2010 WL 300436, at *2.

Thus, NUFIC is ordered to produce portions of the personnel files pertaining to the background, qualifications, and job performance of Cyndi Flaig, David Bohanan, Maureen Freeman, Dara MacDonald, Michelle Amato, and Alissa Malone. As set forth in Plaintiff's Request for Production No. 9, NUFIC may redact "[p]ersonal identifying information such as dates of birth and Social Security numbers . . . and any private health information." [Doc. No. 36-1] at 11. Additionally, the information produced shall be subject to Stipulated Protective Order [Doc. No. 29] previously entered in this case. NUFIC shall produce these personnel files within 14 days of the date of this Order.

    ii.    **Plaintiff's Subpoena to Thompson Coe**

In his second Motion, Plaintiff seeks to compel Thompson Coe to produce documents related "its analysis of both liability coverage and UM/UIM coverage" pursuant

to Plaintiff's subpoena duces tecum. [Doc. No. 37] at 6; *see also* [Doc. No. 37-1] at 5–6 (listing documents to be produced).

NUFIC argues, inter alia, that this Court lacks authority to grant the Motion because Plaintiff did not file it in the correct judicial district.[8] Federal Rule of Civil Procedure 45(d)(2)(B)(i) permits the party serving a subpoena to "move the court for the district *where compliance is required* for an order compelling production or inspection." (emphasis added). Typically, "the 'district where compliance is required' . . . is determined by the location or place of compliance identified on the subpoena." *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 9173497, at *6 (D. Kan. Apr. 29, 2020); *see also RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*, No. MC-20-6-D, 2020 WL 4194526, at *1 (W.D. Okla. July 21, 2020) (citing cases).

The subpoena directed to Thompson Coe commands production at Burrage Law Firm in Durant, Oklahoma, which is located in the Eastern District of Oklahoma. *See* [Doc. No. 37-1] at 1. Thus, it appears from the face of the subpoena that Plaintiff must move to compel production in the Eastern District of Oklahoma.

In Reply, Plaintiff cites Federal Rule of Civil Procedure 37(a)(2), which requires "[a] motion for an order to a nonparty [to] be made in the court where the discovery is or will be taken." But, like place of compliance referenced in Rule 45(d)(2)(B)(i), "the district 'where the discovery is or will be taken' is determined by the location or place of compliance identified on the subpoena." *Ad Astra*, 2020 WL 9173497, at *6. Plaintiff

---

[8] Rule 45(a)(2) also requires issuance of a subpoena from the court where the action is pending. Accordingly, the Subpoena properly issued from this judicial district.

contends, without citation to legal authority, that discovery could "be taken" in this judicial district because NUFIC has a copy of Thompson Coe's file at its counsel's office in Oklahoma City. But because the subpoena is directed to Thompson Coe and commands discovery in the Eastern District of Oklahoma, the Court concludes it lacks authority to grant the relief Plaintiff seeks.

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery from Defendant National Union Fire Insurance Company [Doc. No. 36] is GRANTED, as set forth herein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Thompson, Coe, Cousins & Irons, LLP's Response to Plaintiff's Subpoena [Doc. No. 37] is DENIED without prejudice to refiling in the proper judicial district.

IT IS SO ORDERED this 3rd day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE